UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re:<br>JOHN G. CALHOUN<br>GLENDA R. CALHOUN<br>    Debtors.<br>_____<br><br>JOHN G. CALHOUN,<br>GLENDA R. CALHOUN,<br>    Appellants,<br><br>v.<br><br>W. CLARKSON McDOW, JR., UNITED<br>STATES TRUSTEE FOR REGION FOUR,<br>    Appellee.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>) 3:09-cv-00822-CMC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF OF APPELLANTS JOHN AND GLENDA CALHOUN**

**TABLE OF AUTHORITIES**

**Cases**

In re Calhoun, C/A 08-01151-dd
(Bankr.D.S.C. 2008) ………………………………………6

In re Green, 934 F.2d 568
4th Cir. 1991)………………………………………………6,9,10,11,12

In re Johnson, 399 B.R. 72
(Bankr.S.D.Cal. 2008)……………………………………11

In re K&L Lakeland, Inc., 128 F.3d 203
(4th Cir. 1997). ……………………………………………4

In re Nockerts, 357 B.R. 497
(Bankr.E.D.Wisc. 2006)……………………………………5,7

In re Siegel, C/A 06-02291-dd
(Bankr.D.S.C)………………………………………………7

In re Thomas, 325 B.R. 751,
(Bankr.D.S.C. 2006). ……………………………………9

Lamie v U.S. Trustee, 540 U.S. 526,
124 S.Ct 1023, 157 L.Ed 1024 (2004). ……5

**Statutes**

28 U.S.C. §158(a)……………………………………………4

11 U.S.C. §101(10A)(B)………………………………8

11 U.S.C. §707(b)……………………………………………8

11 U.S.C. §707(b)(2)……………………………………5

11 U.S.C. §707(b)(3)(B)……………………………5,6

**STATEMENT OF THE CASE**

**A. The Proceedings.**

The debtors filed a Chapter 7 petition for relief on February 27, 2008. The United States Trustee ("UST") filed a motion to dismiss on May 23, 2008. Appellants objected June 12, 2008. Pursuant to Notice, the Bankruptcy Court conducted a trial on October 1, 2008. The Bankruptcy Court entered an Order November 12, 2008, granting the Motion of The United States Trustee. Appellants filed a motion for reconsideration, for new trial, for additional findings of fact on November 20, 2008. The Bankruptcy Court entered Orders January 16, 2009, granting in part the Motion to Amend Findings of Fact and denying the

remaining post-trial motions. Appellants filed the Notice of Appeal January 26, 2009.

**B. The Facts.**

John and Glenda Calhoun are retired. John Calhoun receives retirement pay of $7,313.00 net per month and Social Security of $1,459.00 per month. (R30,P7,L15-17)[1]. Glenda Calhoun has no income. (R30,P7,L22). The average income disclosed is $8,772.00 per month, including the Social Security. (R6,P17). The budget for the debtors includes a mortgage payment of $2,151.00 per month and total expenses of $7,180.00 per month with an adjustment to exclude the Social Security of $1,459.00 per month. (R6,P18-19). Appellants attempted to sell the home for two years without success, (R30, P33, L20-21). The total expenses permitted by Form B22A are $7,330.00 per month. (R9). Form B22A excludes the Social Security from the income calculation. Form B22A provides no presumption of abuse. (R9) The UST did not argue bad faith. (R30, P4,L10-13).

Prior to filing this bankruptcy case, Appellants entered into a debt management plan and took steps to reduce their expenses. (R30,P54,L13 through R30,P58,L12). The steps reduced the living expenses by $1,893.00 per month. (R30,P52,L15). The Appellants realized that the debt management plan left no funds for

---

[1] References to the Record on Appeal are to the Number Assigned to the item on the Record List contained in this Court's docket entry number 4, the Page of the Record Document and the Line number within the page. Record document number 30 is the transcript of the hearing held October 1, 2008.

emergencies and unanticipated expenses. (R30,P51,L2-3). Appellants had no funds for repairs and portions of their home are without climate control. (R30,P34,L21 through R30,P35,L12). Appellants' retirement funds in the approximate amount of $450,000.00 lost value, leaving Appellants with little or no retirement savings. (R30,P40,L3,L15).

## BASIS OF APPELLATE JURISDICTION

The District Courts of the United States have jurisdiction to hear appeals from final judgments, orders and decrees of Bankruptcy judges. 28 U.S.C. §158(a). The Bankruptcy Court's Order entered November 12, 2008, and Orders entered January 16, 2009, are final orders.

## STANDARD OF APPELLATE REVIEW

The Bankruptcy Court's conclusions of law are reviewed de novo and its findings of fact are reviewed under the clearly erroneous standard. In re K&L Lakeland, Inc., 128 F.3d 203 (4th Cir. 1997).

## STATEMENT OF ISSUES PRESENTED

The issues presented in this appeal are:

1. Whether the means test replaces the ability to pay analysis.

2. Whether the ability to pay, standing alone, is sufficient to require dismissal of a Chapter 7 case for substantial abuse.

3.         Whether Social Security income is to be included when determining disposable income and ability to pay.

4.         Whether the debtors have the ability to pay unsecured creditors.

5.         Whether the totality of the circumstances requires dismissal of this Chapter 7 case.

**ARGUMENT AND CITATION OF AUTHORITY**

**I.   The means test provisions of the Bankruptcy Code replace the ability to pay analysis.**

Congress determined that eligibility to obtain a discharge under Chapter 7 would hinge upon means testing, embodied in Form B22A. 11 U.S.C. §707(b)(2). "To perform the means test and then perform another means test that is more to the U.S. Trustee's liking ignores the plain meaning of the statute" and is at odds with method chosen by Congress. In re Nockerts, 357 B.R. 497, 507 (Bankr.E.D.Wisc. 2006). When the meaning of a statute is plain then the Court should enforce the statute as written. *See* Lamie v U.S. Trustee, 540 U.S. 526, 124 S.Ct 1023, 157 L.Ed 1024 (2004).

"To apply the means test, dislike the result, and then examine the debtors ability to fund a chapter 13 plan under §707(b)(3), renders the means test 'surplusage'." Nockerts at 506. Form B22A filed in this case reflects that the debtors do

not have sufficient income to require dismissal of this case. The debtors contend that Form B22A as filed with the petition correctly calculates the income and expenses of the debtors as required by Congress. Form B22A filed with the petition correctly results in no presumption of abuse. The UST has neither challenged the results of Form B22A nor the figures contained in Form B22A.

**II. Ability to pay creditors, standing alone, is insufficient to require dismissal of a Chapter 7 case.**

The UST argues that the debtor have the ability to pay creditors and that this ability to pay, standing alone is sufficient to dismiss this Chapter 7 case. The Fourth Circuit determined in In re Green, 934 F.2d 568 (4th Cir. 1991) that ability to pay, standing alone, is not a basis to dismiss a Chapter 7 case. The UST litigated the Motion To Dismiss under a totality of the circumstances theory. 11 U.S.C. §707(b)(3)(B); (R30, P4, L10-12). At trial the UST abandoned any argument as to bad faith. (R30,P4,L12-13). The Court is therefore left with the argument that ability pay is the basis for dismissal.

In the Order granting the UST's motion to dismiss, the Bankruptcy Court in this case found that "the ability to pay a significant dividend to creditors and failing to do so standing alone can be an abuse of Chapter 7, absent mitigating factors." In re Calhoun, C/A 08-01151-dd (Bankr.D.S.C. 2008), slip op. at

8. The Court's holding is at odds with Green. The provisions of 11 U.S.C. §707(b)(3)(B) incorporate the totality of the circumstances approach adopted by Green and therefore Green is still applicable. Nockerts at 505. Although the debtors deny that they have the ability to pay, the debtors suggest that ability to pay does not require dismissal of this case. The precedent set in Green should be followed.

### III. Congress excluded Social Security income from the means test calculation, and Social Security income should be excluded from the ability to pay analysis.

To the extent that the Court is determining ability to pay unsecured creditors, the inquiry is similar to that of Confirmation of a Chapter 13 plan. The purpose of the UST's motion to dismiss is to require the debtors to pay creditors. The analytical framework for repayment of creditors is a Chapter 13 plan. For Chapter 13 purposes, the Bankruptcy Court in this District has held that Social Security Income need not be taken into account in a Chapter 13 context. In re Siegel, C/A 06-02291-dd (Bankr.D.S.C).

In Appellants' case, the Bankruptcy Court concluded that Social Security income figures into ability to pay. In Chapter 13 the Court would not require Appellants to use the Social Security to fund the repayment plan. The Social Security income that makes the debtors ineligible for Chapter 7 would be

irrelevant in Chapter 13. Congress chose to exclude Social Security from the definition of income contained in 11 U.S.C. §101(10A)(B) and from the means test calculation in 11 U.S.C. §707(b). Congress clearly excludes this income and this Court should also exclude Social Security income when determining ability to pay.

IV. **The debtors do not have the ability to pay their creditors and have taken steps to adjust their budget prior to filing this Chapter 7 case**.

Attached as Exhibit C to Debtors' Objection to The Motion To Dismiss, is a list of 28 steps taken by the debtors to reduce expenditures. (R13) The debtors calculated that these 28 steps would reduce expenditures by $1,744.00 per month. In addition to the 28 items on the attachment, the debtors also cancelled their vehicle On-Star service ($18.00 per month) and reduced their auto insurance premium ($131.00 per month). These belt tightening steps reduced expenditures by $1,893.00 per month. (R30,P52,L15). The debtors believed that these steps would permit them to successfully complete a debt management plan to repay their creditors. (R30,P50,L18-21)

The debtors discovered that the debt management plan left no funds for health emergencies and no allowance for unexpected expenses. (R30,P51,L2-3). The debt management plan took so much of the debtors' income that a portion of their residence has

been without heating and air-conditioning since July 2007 and plumbing repairs could only be afforded by using funds set aside for taxes.  (R30,P34,L21 – R30,P35,L12).

The debtors finally ceased making the payments into the debt management plan not long before filing this case.  The debtors have attempted what the UST suggests and determined that they are not able to pay their creditors.  John Calhoun projected his budget for the next five years and determined that the effect of inflation would leave Appellants' budget negative during the term of a hypothetical Chapter 13 plan. (R30,P64,L21 through R30,P67,L2).

### V.     **The totality of the circumstances does not require dismissal of this Chapter 7 case.**

The Bankruptcy Court relied on the <u>Green</u> factors to arrive at the result in this case.  The <u>Green</u> factors result in a finding that the debtors should receive a discharge in this case.

The Court must look at the facts in each case. <u>In re Thomas</u>, 325 B.R. 751, 757, (Bankr.D.S.C. 2006).  The Fourth Circuit Court of Appeals in <u>In re Green</u>, 934 F.2d 568, 572 (4th Cir. 1991), suggests that the true purpose of the inquiry is to prevent "abuse of the process by a debtor seeking to take **unfair advantage** of his creditors." (emphasis added).

The debtors have not taken advantage of their creditors. The debtors' history with their creditors suggests that the debtors did all that they could to repay the unsecured debts. Prior to entering a debt management plan the debtors contacted Wachovia, Citi Cards and Bank of America in an attempt to restructure their obligations. (R30,P42,L2-6). Each company refused, citing that the debtors were current in monthly payments. Each company suggested that the debtors become three months delinquent and then call back. (R30,P48,L2-6). The debtors have not acted unfairly as to their creditors.

The Green factors weigh in favor of granting the debtors a discharge in this Chapter 7 case. The first factor is whether the case was filed because of a calamity. The debtors lost their retirement savings in the approximate amount of $450,000.00. (R30,P40,L3,L15). They initially planned to sell their home and use the retirement savings to meet creditor obligations. This factor weighs in favor of the debtors. The loss of the retirement savings and the inability to sell the home satisfy the first factor in Green.

The second factor is whether the debtors incurred debts far in excess of their ability to pay. Given the level of retirement savings and the value of the debtors' home, the level of debt was not far in excess of their ability to pay at the time the debts were created. The substantial retirement savings

provided a reasonable basis for concluding that the debtors could meet the obligations.

The third factor is whether the budget is excessive or unreasonable. The debtors' budget as outlined on Schedule J is less than the amount allowable on the means test form. The means test form (Form B22A) is the budget set by Congress. The Court erred in concluding that a budget less than the amount set forth by Congress is an excessive budget.

The Bankruptcy Court used the amount of the mortgage payment as a springboard to reaching the result in this case. Congress chose not to limit this deduction on the means test and therefore the amount of mortgage payment should not be a part of the budget analysis. "Congress did not intend that consumers would be denied access to Chapter 7 solely because of the amount of their mortgage payment on their principal residence." In re Johnson, 399 B.R. 72, 79 (Bankr.S.D.Cal. 2008). In Johnson the Court concluded that Congress knew how to prohibit relief to debtors and chose not to make "debtors ineligible for relief if they have too much debt for their principal residence." Id. at 77.

The fourth Green factor is whether the debtors' schedules reasonably and accurately reflect the debtors' true financial condition. The UST did not allege that the schedules were inaccurate. This factor weighs in favor of the debtors.

The fifth Green factor is whether the debtors filed in bad faith. The UST did not litigate bad faith and did not suggest that the debtors filed in bad faith.

The Green factors suggest that Appellants should be granted a discharge in this case. Of the five factors, the last two do not apply. The remaining three factors weigh in the debtors' favor. The debtors should receive a discharge under the Green factors.

## CONCLUSION

John and Glenda Calhoun contend that the Court committed reversible error in entering the Order Granting the Motion To Dismiss. Specifically, the Court failed to follow the precedent in Green and failed to reach the required result after applying the factors in Green. Additionally, John and Glenda Calhoun assert that the Court committed reversible error by conducting an ability to pay analysis and considering Social Security income in the ability to pay analysis. For the reasons appearing in the record and stated in this brief, John and Glenda Calhoun respectfully request this Court to reverse the Order of the Bankruptcy Court.

Respectfully submitted this 15th day of April, 2009.

/s/ Joseph E. Mitchell, III
Joseph E. Mitchell, III
District Court ID No. 6115
Attorney for the Appellants

12

```
Joseph E. Mitchell, III, P.C.
Post Office Box 2504
Augusta, GA 30903
(706) 826-1808
```

13

```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF SOUTH CAROLINA
```

| | | |
|---|---|---|
| In Re: | ) | |
| JOHN G. CALHOUN | ) | |
| GLENDA R. CALHOUN | ) | Case No. |
|     Appellants | ) | 3:09-cv-00822-CMC |
| v. | ) | |
| W. Clarkson McDow, Jr., | ) | |
|     Appellee | | |

_____

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY THAT I HAVE THIS DAY SERVED UPON THE FOLLOWING A COPY OF THE WITHIN AND FOREGOING <u>BRIEF OF APPELLANTS</u> VIA ELECTRONIC TRANSMISSION AND VIA FIRST CLASS MAIL ADDRESSED AS INDICATED BELOW.

John T. Stack, Esquire
Trial Attorney
United States Trustee
1835 Assembly St, Ste 953
Columbia SC 29201

Date: 04/15/09

                                 <u>/s/ Joseph E. Mitchell, III</u>
                                 Joseph E. Mitchell, III
                                 District Court ID No. 6115
                                 Attorney for Appellants

Joseph E. Mitchell, III, P.C.
Post Office Box 2504
Augusta, GA 30903
(706) 826-1808