```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA

                                        )
In Re:                                  )
JOHN G. CALHOUN                         )
GLENDA R. CALHOUN                       )
                    Debtors.            )
_____  )
                                        )   Case No.
JOHN G. CALHOUN,                        )   3:09-cv-00822-CMC
GLENDA R. CALHOUN,                      )
                    Appellants,         )
                                        )
v.                                      )
                                        )
W. CLARKSON McDOW, JR., UNITED          )
STATES TRUSTEE FOR REGION FOUR,         )
                    Appellee.           )
_____  )
```

## REPLY BRIEF OF APPELLANTS
## JOHN AND GLENDA CALHOUN

## TABLE OF AUTHORITIES

**Cases**

In re Green, 934 F.2d 568
(4th Cir. 1991)..........................................................2,3

In re Lipford, 397 B.R. 320
(Bankr.M.D.N.C. 2008)..................................................3,4

In re Price, 2009 WL 975796
(4th Cir. April 13, 2009) ...............................................2

In re Siegel, C/A 06-02291-dd
(Bankr.D.S.C).............................................................4

**ARGUMENT AND CITATION OF AUTHORITY**

I.  **The Bankruptcy Code incorporates the principles set forth in *Green* and results in a discharge being granted to the debtors.**

The United States Trustee ("UST") argues that the Fourth Circuit case of In re Green, 934 F.2d 568, (4th Cir. 1991),is superceded by Bankruptcy reform ("BAPCPA") signed into law during 2005.  The UST suggests that Green be ignored in favor of lower Court opinions and in favor of nonbinding authority from other jurisdictions.  The Fourth Circuit case of In re Price, 2009 WL 975796 (4th Cir. April 13, 2009), cited in Appellee's Brief at page 17, deals with valuation of a secured vehicle claim in a Chapter 13 case.  The UST uses a portion of the sentence but omits the portion dealing with the facts of Price. The full sentence from which the UST quotes reads: "But while Congress undoubtedly did intend the BAPCPA to benefit unsecured creditors – by requiring those debtors with sufficient means to file under Chapter 13 rather than Chapter 7 - this fact only strengthens our conclusion that the hanging paragraph itself is meant to protect secured car lenders."  In re Price, 2009 WL 975796 at 17.  The omitted portion of this sentence suggests that the case has little relation to the issues on appeal in

this case. If anything, the entire sentence reiterates that Congress selected means testing to determine results.

The Bankruptcy Court in this case essentially held that the underpinnings of Green changed but then used the Green factors to dismiss Appellants' Chapter 7 case. The UST did not take issue with the Bankruptcy Court's use of the Green factors to reach the result but now suggests on brief that Green is no longer applicable.

The Bankruptcy Code changed in 2005 but the analysis under current law still requires a totality of the circumstances approach. "Pre-BAPCPA cases, such as Green, are still instructive under Section 707(b)(3)." In re Lipford, 397 B.R. 320, 327 (Bankr.M.D.N.C. 2008). As noted in Appellants' initial brief, the factors outlined in Green weigh in favor of the debtors.

## II. A Chapter 13 case would not produce a meaningful dividend to general unsecured creditors.

The UST suggests six different times that the debtors could convert this Chapter 7 case to Chapter 13 (Appellee's Brief at 1,3[2references],6,7 and 10). This line of argument suggests that the relevant inquiry should include the dividend to general unsecured creditors in a Chapter 13 case. The Social Security income received by Appellant John Calhoun would not be included

in the Chapter 13 analysis. <u>In re Siegel</u>, C/A 06-02291-dd (Bankr.D.S.C.)

The means test is Congress' attempt to provide an objective framework to analyze ability to pay. The <u>Lipford</u> Court stated that "the ability of a debtor to pay at least 25% dividend to unsecured creditors in a Chapter 13 case is not abuse under Section 707(b)(3)." <u>Lipford</u> at 328. In this case, the framework suggests that the Appellants do not have the ability to pay their general unsecured creditors.

Appellants' expenses on Schedule J are below the amount calculated using the means test. The budget on Schedule J is not excessive if it is less than that allowed by Congress in the means test. The UST suggests that two mortgages payments totaling $2151.00 per month are excessive. Theses two mortgages equal 29.41% of John Calhoun's retirement pay from his former employer. If the Court adds the Social Security income as the UST suggests, then the mortgage payments are 24.52% of all household income. This percentage is not sufficiently high to require dismissal of this case. Appellants attempted to sell the home and could not do so. Retaining their residence is reasonable and should not provide a basis for dismissing this case.

## CONCLUSION

John and Glenda Calhoun contend that the Court committed reversible error in entering the Order Granting the Motion To Dismiss. Specifically, the Court failed to follow the precedent in <u>Green</u> and failed to reach the required result after applying the factors in <u>Green</u>. Additionally, John and Glenda Calhoun assert that the Court committed reversible error by conducting an ability to pay analysis and considering Social Security income in the ability to pay analysis. For the reasons appearing in the record and stated in this and the initial brief, John and Glenda Calhoun respectfully request this Court to reverse the Order of the Bankruptcy Court.

Respectfully submitted this 11th day of May, 2009.

<u>/s/ Joseph E. Mitchell, III</u>
Joseph E. Mitchell, III
District Court ID No. 6115
Attorney for the Appellants


Joseph E. Mitchell, III, P.C.
Post Office Box 2504
Augusta, GA 30903
(706) 826-1808

```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF SOUTH CAROLINA
```

| | | |
|---|---|---|
| In Re: | ) | |
| JOHN G. CALHOUN | ) | |
| GLENDA R. CALHOUN | ) | Case No. |
|     Appellants | ) | 3:09-cv-00822-CMC |
| v. | ) | |
| W. Clarkson McDow, Jr., | ) | |
|     Appellee | | |

_____

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY THAT I HAVE THIS DAY SERVED UPON THE FOLLOWING A COPY OF THE WITHIN AND FOREGOING <u>REPLY BRIEF OF APPELLANTS</u> VIA ELECTRONIC TRANSMISSION AND VIA FIRST CLASS MAIL ADDRESSED AS INDICATED BELOW.

John T. Stack, Esquire
Trial Attorney
United States Trustee
1835 Assembly St, Ste 953
Columbia SC 29201


Date: 05/11/09

                                  <u>/s/ Joseph E. Mitchell, III</u>
                                  Joseph E. Mitchell, III
                                  District Court ID No. 6115
                                  Attorney for Appellants


Joseph E. Mitchell, III, P.C.
Post Office Box 2504
Augusta, GA 30903
(706) 826-1808